HEARD APRIL TERM, 1876.

## PRINCE vs. NANCE.

One who is the head of a family is not entitled to the exemption of one-third of the yearly products or earnings allowed by Section 9 of the Act approved 22d February, 1873.

Under the proviso contained in Section 7 of the Act, the exemption contained in Section 6 of said Act cannot be allowed against a judgment for rent of the land on which the crop claimed to be exempt was made—such claim being an obligation contracted in the production of the crop.

BEFORE COOKE, J., AT ABBEVILLE, FEBRUARY, 1876.

This was an action by Washington L. Prince against Drayton Nance.

The case is contained in the following statement for this Court, signed by the attorneys of the parties, as authorized by the Act of Assembly authorizing such statement:

The plaintiff, on the 23d day of January, 1875, sued out his complaint against the defendant for arrears of rent for several past years, claiming as due him the sum of $612.32, besides interest. On the same day the plaintiff sued out his writ of attachment, which was executed on the same day by the Sheriff, who, by virtue of it, seized and took into possession three bales of cotton, five thousand pounds of cotton in the seed, more or less, five hundred bushels of cotton seed, more or less, two mules, two horses, one wagon and one buggy and harness, as the property of the defendant.

The plaintiff, on the 30th day of January, gave an order to the Sheriff to release the mules and horses from the attachment, which was done.

The defendant, on the     day of          , 1875, filed an answer containing counter-claims, but admitted, after allowing his counter-claims, that he was indebted to the plaintiff in the sum of $392.14.

On the 25th day of January, 1875, the defendant, by his attorney, gave notice to plaintiff's attorney of a motion to set aside or dissolve the attachment.

This motion was heard and determined by His Honor Judge Cooke at Anderson on the 4th day of February, 1875, who made the order in the case, a copy of which is below given.

By virtue of this order the Sheriff proceeded to sell the cotton attached, and realized from the sale the sum of $279.81, which he has in his hands or under his control.

At April Term, 1875, Judge Carpenter, sitting for Judge Cooke, gave judgment for the plaintiff against the defendant for the sum. of $392.14 (the sum admitted by defendant) and his costs.

For this sum and costs judgment was duly docketed and execution issued on the 25th day of April, 1875.

At January Term, 1876, the money still being in the Sheriff's hands or under his control, the defendant's attorney made a motion that the money in the case in the Sheriff's hands be paid to the defendant, upon the ground that the defendant was entitled by law to one-third of such crop as he may make in each year.

The presiding Judge granted the order, a copy of which, marked "B," is annexed to this statement.

A statement of the facts in relation to the rent due and crop made by the defendant in 1874 is made in his sworn statement, a copy of which is appended to this statement, marked "C."

Due notice of appeal was given by plaintiff's attorney.

The number of bales of cotton sold by defendant to White Brothers should be stated six instead of seven.

Order of Judge Cooke of date 4th February, 1875:

This case came on to be heard at Chambers, at Anderson Court House, upon a motion to set aside the attachment sued out by the plaintiff and levied upon certain property of the defendant; and, after hearing affidavits and the observations of the counsel for the plaintiff and defendant respectively, it is ordered and adjudged as follows:

1. That the mules, horses and buggy and all other property of the defendant levied, excepting the cotton, be turned over to the defendant without delay.

2. That the Sheriff sell the cotton and hold the proceeds, subject to the further order of the Court, and until the action now pending between the plaintiff and defendant shall be determined—the same being liable to the payment of the landlord's (the plaintiff's) claim for rent for the year 1874 to the extent of one-fourth of the crop raised during that year by the defendant, (the tenant,) there being no other liens against the said defendant.

3. It is further ordered that the plaintiff pay all the expenses incurred by reason of the attachment of the said mules, horses and buggy and ten dollars to the defendant's attorney for the costs of this motion.

## " B."

On hearing the pleadings in this case and observations of counsel, on motion of Perrin & Cothran, attorneys for defendant, it is ordered that the Sheriff pay over to the defendant in this case the moneys in his hands arising from the sales of cotton made by him, and that the defendant have leave to enter up judgment and issue executions for the costs.

## " C."

Drayton Nance, the defendant in the said action, being duly sworn, says as follows :

1. That he rented from the plaintiff a plantation for the years 1872, 1873 and 1874, at the price of four hundred dollars for each year.

2. That on the said rent he has paid as follows: For 1872, the sum of $203; for 1873, the sum of $320; and for 1874, the sum of $136.

3. That in 1874 he made, as he thinks, about nineteen bales of cotton ; it is not yet all gathered from the field, and a part of it is not yet ginned. Of this crop, he sold, at Due West, three bales, the proceeds of which he paid to the plaintiff. He sold to White Brothers seven bales, and applied the net proceeds to a debt he owed them for supplies furnished during the year 1874 to run the farm, leaving still due three hundred and thirty-six dollars and thirty-three cents. He sold to Quarles & Perrin two bales, and applied the net proceeds to the debt due to them for supplies furnished in aid of running the farm, leaving still due to them eighty-one dollars and sixty-two cents. Of the balance of the crop, three bales were packed and ready for market—the same that have been levied on under the attachment. The balance of the crop, supposed to be about four bales, is not yet ready for market.

The plaintiff appealed on the following grounds:

1. Because the order of Judge Cooke, of February, 1875, directed in substance the payment of the money from the sale of cotton to the plaintiff in the event of his obtaining judgment.

2. That the execution against the defendant and the defendant's money were at the same time and now are in the Sheriff's office and

hands; that in such case the law presumes a levy and the application of the money to the execution without order of Court.

3. That the Constitution disallows an exemption of yearly products from attachment, levy and sale, when made to enforce the payment of obligations contracted in the production of the same.

4. That persons making advances in the cultivation of crops are entitled to a lien on the same to the extent of such advances in preference to all other liens; that rent is placed on the same footing; and that the law allowing one-third of products to laborers and others does not apply to said liens.

5. That, as a fact, far more than one-third of the crop, in value, was allowed by the presiding Judge to the defendant, and allowed without estimate or proof.

6. That the presiding Judge, in his order, altogether overlooked the plaintiff's rights.

*Thomson,* for appellant:

1. Money in the hands of the Sheriff is subject to the lien of an execution in his office against the owner of it.—*Means* vs. *Vance,* 1 Bail. Rep., 39; *Noonan* vs. *Gray,* 1 Bail. Rep., 437.

2. That the Constitution disallows an exemption of yearly products from attachment, levy and sale for payment of obligations contracted for the making of the products.—Also Act of Assembly, Revised Stat., 29, § 32; A. A. 1872–73, p. 372, § 7.

3. That there is no exemption of yearly products where there is a lien for advances and supplies, and that rent is now placed on the same footing as an agricultural lien.—Revised Stat., 557, § 55; A. A. 1873–74, p. 788; A. A. 1874–75, p. 844.

4. That the exemption is from attachment, levy and sale, and not from liens.—Revised Stat., p. 29, § 32; Revised Stat., p. 475, § 3; A. A. 1872–3, p. 373, § 9.

*Perrin & Cothran,* contra.

June 7, 1876.   The opinion of the Court was delivered by

Wright, A. J.   The respondent rented a plantation from the appellant for the years 1872, 1873 and 1874, for which he agreed to pay the sum of four hundred dollars per year.

On the 23d day of January, 1876, action was brought by appellant against him for arrears of rent, claiming as due the sum of six

hundred and twenty dollars and thirty-two cents ($620.32). On the trial it was admitted by the respondent that there was due the appellant for arrears of rent of land three hundred and ninety-two dollars and fourteen cents, ($392.14,) for which amount judgment was given in favor of the appellant. It appeared that the crop raised by the respondent was much more than sufficient to pay the rent of the plantation. He was a laborer during the said years engaged in the production of a crop, and as such claimed an exemption of one-third of its yearly products, under the Act approved 22d day of February, 1873.—No. 308, 15 General Statutes, 369. If he was entitled to one-third of the crop raised each year, by reason of the said Act, he had clearly received that amount; for it certainly cannot apply to the year 1872, and it is not certain that its operation could be extended to the rent for 1873, the contract for which having been made before its passage.

The express object of Section 9 of the Act of Assembly above mentioned is to secure exemption in the nature of a homestead of one-third of the yearly "products or earnings" to every person "not being the head of a family," and not to persons who are heads of families, as they have the right to the homestead exemption, in a proper case, by laying claim thereto as provided by law.

In order to obtain the benefits of Section nine (9) of the Act of February 22d, 1873, it devolves upon the respondent to show that he "is not the head of a family." This has not been done.

If respondent could even bring himself under Section six (6) of the said Act, the exemption he claims could not avail against the judgment of the appellants, which was obtained on "an obligation contracted in the production of the crop;" for the last proviso of the seventh Section of the Act prevents the extension of the exemption contained in the said sixth Section to such obligations.

The motion is granted, and the Sheriff of Abbeville County, in whose hands or control the proceeds of the sale of cotton are alleged to be, will, after deducting all proper costs, pay over the same to the appellant or his attorney.

*Moses,* C. J., and *Willard,* A. J., concurred.